Donna Ellen ROBERTS, Appellant,

v.

Preston FOOSE, Appellee.

No. 01–98–01440–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Dec. 9, 1999.

---

Fred M. Bosse, Houston, for appellant.

Kenneth "Kip" Garner, Alan N. Magenheim, Houston, for appellee.

Panel consists of Chief Justice SCHNEIDER and Justices MIRABAL and NUCHIA.

## OPINION

MARGARET GARNER MIRABAL, Justice.

This is an appeal by plaintiff, Donna Ellen Roberts, from a take-nothing summary judgment granted in favor of defendant, Deputy Preston Foose, in a malicious prosecution suit. We reverse.

The following facts are undisputed:

(1) On August 13, 1995, plaintiff and her father entered Sam's Wholesale Club, located at 13600 Interstate 10 East, to purchase a computer.

(2) Plaintiff found the computer she wanted and agreed to make the purchase.

(3) Plaintiff already had one type of Sam's card known as a "Plus 5" card, but she applied for an "Advantage" card while in the store so that she could receive an additional 5% discount on her computer purchase.

(4) After receiving the "Advantage" card, plaintiff went to the cash register and paid for the computer with a personal check.

(5) Plaintiff received the computer and cash register receipt, and then began to exit the store.

(6) As plaintiff stood waiting to be picked up at the door of the store, she was approached by the store

manager and was told that her check could not be accepted as payment.

(7) Plaintiff returned the computer, the sales receipt, and the "Advantage" card that had been issued to her.

(8) Plaintiff and her father then left the store.

(9) Plaintiff and her father returned to the store to get her "Plus 5" card back that she had exchanged for the "Advantage" card.

(10) The "Plus 5" card was returned to plaintiff, and she and her father left the store.

At this point, the facts become disputed. Plaintiff asserts that when she was almost to her vehicle, she heard the manager, Scott McMahan, shout at her, but she ignored him and left the parking lot. In contrast, defendant Foose, an off-duty officer working security at Sam's Wholesale Club, asserts he approached plaintiff on the driver's side of her car, ordered her to stop, and she did not.

Defendant Foose filed an offense report alleging plaintiff committed the offense of evading detention/arrest. Charges were filed against plaintiff for evading detention. Plaintiff was found not guilty of evading detention. Plaintiff initiated this lawsuit for malicious prosecution against Wal-mart Stores, Inc. d/b/a Sam's Club and Sam's Wholesale Club, Scott McMahan, and Deputy Foose.[1]

Defendant Foose filed a motion for summary judgment based on the affirmative defense of official immunity. Plaintiff responded to defendant Foose's motion for summary judgment, contending a fact issue existed as to one element of his affirmative defense. The trial court granted defendant Foose's motion for summary judgment.

In a sole point of error, plaintiff asserts the trial court erred in granting defendant Foose's motion for summary judgment.

---

1. Plaintiff voluntarily non-suited defendants Wal–Mart and Scott McMahan, without prejudice, on December 9, 1998.

## DISCUSSION

### Summary Judgment Standard

■ Summary judgment is proper under Texas Rule of Civil Procedure 166a(c) only when the movant establishes there is no genuine issue of material fact, and that the movant is entitled to judgment as a matter of law. *Randall's Food Mkts., Inc. v. Johnson*, 891 S.W.2d 640, 644 (Tex. 1995); *Long v. State Farm Fire & Cas. Co.*, 828 S.W.2d 125, 126–27 (Tex.App.—Houston [1st Dist.] 1992, writ denied). In reviewing the granting of summary judgment, we assume all evidence favorable to the non-movant is true. *Walker v. Harris*, 924 S.W.2d 375, 377 (Tex.1996). We indulge every reasonable inference and resolve any reasonable doubt in the non-movant's favor. *Science Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 911 (Tex.1997).

■ A defendant is entitled to summary judgment based on an affirmative defense if he or she proves all elements of the affirmative defense as a matter of law, such that there is no genuine issue of material fact. *Cathey v. Booth*, 900 S.W.2d 339, 341 (Tex.1995) (per curiam); *Johnson*, 891 S.W.2d at 644. Once the defendant produces evidence entitling him to summary judgment, the plaintiff must present evidence raising a fact issue. *Walker*, 924 S.W.2d at 377; *Haight v. Savoy Apartments*, 814 S.W.2d 849, 851 (Tex. App.—Houston [1st Dist] 1991, writ denied).

### Official Immunity

■ The common-law defense of official immunity protects a government officer from personal liability as long as he or she is (1) acting within the course and scope of his or her authority; (2) performing discretionary functions;[2] and (3)

acting in good faith. *Wadewitz v. Montgomery*, 951 S.W.2d 464, 466 (Tex.1997); *Kassen v. Hatley*, 887 S.W.2d 4, 8 (Tex. 1994). The purpose of immunity is to insulate the functioning of government from the harassment of litigation, not to protect erring officials. *Wadewitz*, 951 S.W.2d at 466. Official immunity is an affirmative defense, and thus, the burden is on the defendant to establish all elements of the defense.[3] *Id.; City of Lancaster v. Chambers*, 883 S.W.2d 650, 653 (Tex.1994).

In the present case, plaintiff does not dispute that defendant Foose was acting within the course and scope of his authority, and that he was performing a discretionary function, when he filed the offense report alleging plaintiff evaded detention. Plaintiff's only contention is that a fact issue exists as to whether defendant Foose acted in good faith.

■ To establish good faith, a government official must show that his acts were within the realm of what a reasonably prudent government official could have believed was appropriate at the time in question. *Chambers*, 883 S.W.2d at 656–57; *Thomas v. Collins*, 960 S.W.2d 106, 113 (Tex.App.—Houston [1st Dist.] 1997, pet. denied). To controvert a government official's summary judgment proof on good faith, "the plaintiff must show that 'no reasonable person in the defendant's position could have thought the facts were such that they justified defendant's acts.'" *Chambers*, 883 S.W.2d. at 657 (quoting *Post v. City of Fort Lauderdale*, 7 F.3d 1552, 1557 (11th Cir.1993)). Only if defendant Foose carried his burden did plaintiff then have to show that no person in defendant Foose's position could reasonably have believed the

---

2. An act is discretionary if it involves personal deliberation, decision, and judgment. *City of Lancaster v. Chambers*, 883 S.W.2d 650, 654 (Tex.1994); *Boozier v. Hambrick*, 846 S.W.2d 593, 597 (Tex.App.—Houston [1st Dist.] 1993, no writ).

3. We distinguish official immunity, which protects individual officials from liability, from governmental immunity, which protects governmental entities from liability. *Kassen*, 887 S.W.2d at 8.

facts justified his acts. *See Thomas,* 960 S.W.2d at 113.

 The offense report prepared by defendant Foose, which was attached as summary judgment evidence, states in pertinent part:

The def was observed creating a disturbance in the store with the manager earlier over a membership card. The def was observed exiting the store when this officer was asked by the store manager to escort him to the def to attempt to get the card back. The def failed to stop when approached by the manager, this officer in full HCSO uniform then ran to the driver's side identified myself and ordered the def to stop. The def continued to back up in her motor vehicle and intentionally drive away causing this officer to step back from the vehicle to avoid being hit. The def was observed leaving the parking lot at a high rate of speed and turn east on the feeder street were [sic] she was lost site [sic] of. The def license plate was observed and the manager able to identify the def by name. The vehicle came back to the def. The def was filed on for evade arrest. A to-be warrant will be issued. All action taking place in the parking lot area was conducted in the daylight hours with rainey [sic] conditions.

Based on this rendition of the facts, a reasonably prudent officer could have believed appellant was evading detention, thereby warranting the officer filing an offense report, just as appellee did in this instance. However, plaintiff asserts that even if defendant Foose's summary judgment proof established he was acting in good faith, plaintiff's summary judgment proof created a fact issue with regard to the facts relied on by defendant Foose to establish good faith, and thereby precluded the granting of summary judgment.

In appellant's affidavit, she states in pertinent part:

When we were almost to our vehicle I heard [the manager] shout at us. I tried to ignore him and got in our vehicle and left the parking lot.

At no time after leaving the store did I ever see the person who I have come to know as Preston Foose. At no time did he ever attempt to arrest or detain me. In my vehicle I was in a position to observe whether Preston Foose ever approached my vehicle and he did not.

I did not learn of, or even suspect, that any criminal charges had been filed against me until approximately two weeks after I returned to my home in Nacogdoches and received letters from bail bond companies and one from the Harris County Sheriff's office informing me that there was a warrant out for my arrest.

Similarly, appellant also stated in her deposition, attached as summary judgment evidence, that Deputy Foose never approached her vehicle.

A genuine dispute exists as to whether the facts on which defendant Foose relied to show good faith were accurate, and as a result, summary judgment was improper. *See City of Dallas v. Aguirre,* 977 S.W.2d 862, 864 (Tex.App.—Dallas 1998, no pet.).[4] Moreover, taking plaintiff's proof as true, plaintiff has shown that no reasonable officer could have believed he was acting in good faith filing an offense report alleging plaintiff evaded arrest/detention.

Accordingly, we sustain appellant's sole point of error.

We reverse the summary judgment and remand the case to the trial court.

---

4. *Accord Dalrymple v. University of Tex. Sys.,* 949 S.W.2d 395, 402 (Tex.App.—Austin 1997) (holding non-movant seeking to defeat good-faith summary judgment must show no reasonable official in same position could have thought *the non-movant's version of facts* jus-

tified the action), *rev'd in part on other grounds,* 997 S.W.2d 212 (Tex.1999); *City of San Antonio v. Garcia,* 974 S.W.2d 756, 758–59 (Tex.App.—San Antonio 1998, no pet.); *Martinez v. Mikel,* 960 S.W.2d 158, 160–61 (Tex.App.—San Antonio 1997, no pet.).