V00635; Vela v. Rocha



NUMBER 13-00-635-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

____________________________________________________________________


LEONEL VELA, KAREN HOLLINGSWORTH, DERRIC TREVINO, DORA DEL TORO, AND

ENEDINA MAGANA, Appellants,


v.


SIMON ROCHA, Appellee.

____________________________________________________________________


On appeal from the 107th District Court of Cameron County, Texas.

____________________________________________________________________


O P I N I O N

Before Justices Hinojosa, Yañez, and Castillo

Opinion by Justice Hinojosa


This is an interlocutory appeal of the trial court's order denying a motion for summary judgment based on the affirmative
defense of official immunity. (1) Appellants, Leonel Vela, Karen Hollingsworth, Derric Trevino, Dora Del Toro, and
Enedina Magana, all employees of the Texas Department of Health ("TDH"), contend the trial court erred in denying their
motion for summary judgment. We affirm in part and reverse and render in part.

A. Standard of Review

When reviewing a traditional summary judgment brought under rule 166a, an appellate court must follow these
well-established rules:

 


 the movant has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as
a matter of law;


 

 


 in deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the
nonmovant will be taken as true; and


 

 


 every reasonable inference must be indulged in favor of the nonmovant and any doubts must be resolved in favor of the
nonmovant.




American Tobacco Co., Inc. v. Grinnell, 951 S.W.2d 420, 425 (Tex. 1997); Nixon v. Mr. Property Management Co., 690
S.W.2d 546, 548-49 (Tex. 1985); see Tex. R. Civ. P. 166a. A defendant's motion for summary judgment should be granted
if he disproves at least one essential element of each of the plaintiff's causes of action, or if he establishes all the elements
of an affirmative defense as a matter of law. Grinnell, 951 S.W.2d at 425; Science Spectrum, Inc. v. Martinez, 941 S.W.2d
910, 911 (Tex. 1997). When a defendant moves for summary judgment on an affirmative defense, he must prove each
element of his defense as a matter of law, leaving no issues of material fact. Ryland Group, Inc. v. Hood, 924 S.W.2d 120,
121 (Tex. 1996). The plaintiff, as the non-movant, has no burden of proof unless the defendant proves conclusively all
elements of its affirmative defense. Id.

Evidence favoring the movant's position will not be considered unless it is uncontradicted. Great Am. Reserve Ins. Co. v.
San Antonio Plumbing Supply Co., 391 S.W.2d 41, 47 (Tex. 1965). If a summary judgment is granted generally, without
specifying the reason, it will be upheld if any ground in the motion for summary judgment can be sustained. Carr v.
Brasher, 776 S.W.2d 567, 569 (Tex. 1989); Weakly v. East, 900 S.W.2d 755, 758 (Tex. App.-Corpus Christi 1995, writ
denied); Benavides v. Moore, 848 S.W.2d 190, 192 (Tex. App.-Corpus Christi 1992, writ denied).

B. Background


It is undisputed that TDH has a personnel policy requiring all employees to report incidents of sexual harassment they have
experienced or witnessed. On September 30, 1996, Derric Trevino reported to Enedina Sosa, chief of staff for the TDH
Region 11 office in Harlingen, that his direct supervisor, Simon Rocha, the appellee in this case, had engaged in
inappropriate behavior with female subordinates and co-workers, and that Rocha's conduct was negatively impacting TDH
operations.

The next day, Rocha's secretary, Enedina Magana, reported to Sosa that Rocha had engaged in inappropriate behavior
toward her: that Rocha had made inappropriate remarks to her, played with her hair, touched her with his body, and asked
for kisses in return for time off. Magana submitted a written employee grievance, in which she reported that Karen
Hollingsworth had witnessed Rocha's inappropriate behavior toward her. When Sosa spoke with Hollingsworth, she
confirmed that Rocha had engaged in inappropriate behavior toward Magana. Hollingsworth told Sosa that Rocha had also
engaged in inappropriate behavior toward her: that Rocha had made inappropriate remarks to her and had played with her
hair during a business meeting. Sosa then spoke with Dora Del Toro, who disclosed that Rocha had also made
inappropriate remarks toward her. Hollingsworth and Del Toro also filed written employee complaints.

Sosa forwarded the complaints to TDH's Office of Civil Rights in Austin. A few days later, TDH investigator Jose Tabares
arrived to conduct an on-site investigation of the complaints. Tabares interviewed Magana, Del Toro, Hollingsworth,
Trevino and Rocha. After the investigation, Leonel Vela, the TDH Regional Medical Director for Region 11, terminated
Rocha.

Rocha requested and received an administrative hearing. At the hearing, the four complainants testified about Rocha's
behavior, and Rocha's termination was upheld. Rocha then filed a lawsuit in the District Court of Cameron County against
TDH and appellants, (2) individually and in their official capacities as TDH employees. In the suit, Rocha alleged that
Hollingsworth, Trevino, Del Toro, and Magana had conspired to fabricate incidents of inappropriate behavior to get him
fired, and that he had been wrongfully terminated by TDH and Vela. Rocha asserted causes of action for libel, slander, and
civil conspiracy against Hollingsworth, Trevino, Del Toro and Magana. He also asserted causes of action for intentional
infliction of emotional distress against Hollingsworth, Trevino, and Magana. The only cause of action against Vela that can
be construed from the pleadings is wrongful termination, apparently based on TDH's alleged failure to "protect the
Plaintiff's constitutional rights of due process and equal protection by failing to notify Plaintiff of the specific charges
against him [and] the names of the individuals who were making the accusations." 

Appellants filed a motion for summary judgment asserting the affirmative defense of official immunity under state law.
Rocha filed a very brief response in which he objected to the filing of the motion, and to appellants' affidavits, 

especially in their claims of "good faith." The affidavits are of "interested witnesses" and as such are not susceptible of
being readily controverted. Because the affidavits cannot meet this requirement it cannot support a summary judgment. . . .
Plaintiff would further show that the deposition testimony of the Plaintiff attached to Defendants' Motion for Summary
Judgment makes a fact issue for a jury as to the credibility of the defendant's [sic] affidavit.


Rocha did not file any summary judgment evidence. The trial court denied the motion, and this interlocutory appeal
ensued. 

C. Official Immunity

Claims against government employees in their individual capacities are separate and distinct from claims against them in
their official capacities. Smith v. Davis, 999 S.W.2d 409, 413 (Tex. App.-Dallas 1999, no pet.). A suit against a
government employee in his individual capacity seeks to impose personal liability on the employee for actions he takes
under color of state law. Kentucky v. Graham, 473 U.S. 159, 165 (1985); Smith, 999 S.W. 2d at 413. In contrast, a suit
against an employee in his official capacity seeks to impose liability on the governmental entity that employs him. Graham,
473 U.S. at 166; Smith, 999 S.W.2d at 413. Each capacity involves a separate and distinct form of potential immunity;
government employees sued in their individual capacity may claim the protections of official immunity. Smith, 999 S.W.2d
at 413; Gross v. Innes, 930 S.W.2d 237, 239 (Tex. App.-Dallas 1996, writ dism'd w.o.j. at 988 S.W.2d 727 (Tex. 1998)). 
An individual sued in his official capacity, on the other hand, may in some cases enjoy the protections of sovereign
immunity to the extent those protections are available to his employer. City of Hempstead v. Kmiec, 902 S.W.2d 118, 122
(Tex. App.-Houston [1st Dist.] 1995, no writ); Thomas v. Crow, 862 S.W.2d 719, 721 (Tex. App.-Tyler 1993, no writ). In
this case, the appellants have asserted only the affirmative defense of official immunity. 

Official immunity is an affirmative defense that protects government employees from personal liability. Univ. of Houston
v. Clark, 38 S.W.3d 578, 580 (Tex. 2000); City of Lancaster v. Chambers, 883 S.W.2d 650, 653 (Tex. 1994). The purpose
of official immunity is to insulate the functioning of government from the harassment of litigation, not to protect erring
officials; the public would suffer if government officers, who must exercise judgment and discretion in their jobs, were
subject to civil lawsuits that second-guessed their decisions. Kassen v. Hatley, 887 S.W.2d 4, 8 (Tex. 1994); see Cameron
County v. Carrillo, 7 S.W.3d 706, 709 (Tex. App.-Corpus Christi 1999, no pet.). When official immunity shields a
governmental employee from liability, sovereign immunity shields the governmental employer from vicarious liability.
Clark, 38 S.W.3d at 580; DeWitt v. Harris Co., 904 S.W.2d 650, 653 (Tex. 1995).

Government employees are entitled to official immunity from suit arising from (1) the performance of their discretionary
duties (3) (2) in good faith (3) as long as they are acting within the scope of their authority. (4) Clark, 38 S.W.3d at
580;Wadewitz v. Montgomery, 951 S.W.2d 464, 466 (Tex. 1997); Chambers, 883 S.W.2d at 653; Herr, 41 S.W.3d at 759. 
To obtain summary judgment on official immunity, the governmental employee must conclusively prove each element of
the defense. Clark, 38 S.W.3d at 580; Kassen, 887 S.W.2d at 8-9; Chambers, 883 S.W.2d at 653. What is at issue in this
case is whether appellants acted in good faith.

D. Good Faith


An appellate court must measure good faith in official immunity cases against a standard of objective reasonableness
without regard to the official's subjective state of mind. Chambers, 883 S.W.2d at 656; Ramos v. Tex. Dept. of Public
Safety, 35 S.W.3d 723, 729 (Tex. App.-Houston [1st Dist.] 2000, pet. denied); City of San Juan v. Gonzalez, 22 S.W.3d 69,
72 (Tex. App.-Corpus Christi 2000, no pet.). The good faith standard "is not equivalent to a general negligence test, which
addresses what a reasonable person would have done, rather than what a reasonable official could have believed."
Wadewitz, 951 S.W.2d at 467 n.1(citing Chambers, 883 S.W.2d at 661 n.5); see Rivas v. City of Houston, 19 S.W.3d 901,
903 (Tex. App.-Houston [14th Dist.] 2000, pet. denied) (supp. opin. on second motion for reh'g). In other words, an
employee acts in good faith if a reasonably prudent employee under the same or similar circumstances could have believed
that the need to take the complained-of action outweighed the associated risk of harm. Wadewitz, 951 S.W.2d at
466;Chambers, 883 S.W.2d at 656; Davila v. Flores, 6 S.W.3d 788, 793 (Tex. App.-Corpus Christi 1999, no pet.). To
show good faith, a government official must show that his acts were within the realm of what a reasonably prudent
government official could have believed was appropriate at the time in question. Chambers, 883 S.W.2d at 656-57;
Roberts v. Fooze, 7 S.W.3d 311, 314 (Tex. App.-Houston [1st Dist.] 1999, no pet.). A government employee acts in bad
faith only when he could not have reasonably reached the decision in question. Clark, 38 S.W.3d at 581; Chambers, 883
S.W.2d at 657 n.7.

E. Summary Judgment Evidence


Good faith may be established by the official's own affidavit, Barker v. City of Galveston, 907 S.W.2d 879, 888 (Tex.
App.-Houston [1st Dist.] 1995, writ denied), or by expert testimony. Wadewitz, 951 S.W.2d at 466. The testimony must be
clear, positive and direct, otherwise credible and free from contradictions and inconsistencies, and must be readily
controvertible. Wadewitz, 951 S.W.2d at 466; Anderson v. Snider, 808 S.W.2d 54, 55 (Tex. 1991) (per curiam). Mere
conclusory statements by an affiant that a reasonable official could have taken the same action are insufficient to establish
good faith. Wadewitz, 951 S.W.2d at 466-67; Clement v. City of Plano, 26 S.W.3d 544, 551 (Tex. App.-Dallas 2000, no
pet. h.).

We must examine appellants' summary judgment evidence to see if each appellant established good faith.

1. Magana, Trevino, and Del Toro


The affidavits of Magana, Trevino, and Del Toro are very similar. Each affidavit recites the facts concerning the incidents
of inappropriate behavior witnessed by each affiant, and


 


 that each affiant was interviewed by TDH Investigator Tabares about Rocha's behavior and answered honestly;



 


 that each affiant testified at the TDH administrative due process hearing and truthfully answered questions about
Rocha's behavior; and



 


 that each affiant had been instructed by TDH to report any sexual harassment.



Each affidavit also contains the statement: "[i]n my opinion, any other TDH employee in my position would have exercised
the type of discretion I did in reporting sexual harassment in the workplace."

Appellants also produced the affidavit of Sosa, who stated:

[i]t is long-standing TDH policy for all employees to report sexual harassment when it occurs in the workplace. Each of
the four TDH employees listed above [Hollingsworth, Trevino, Magana, and Del Toro] acted appropriately and within the
scope of their responsibilities as TDH employees when they reported Mr. Rocha's actions. Likewise, when they were called
to testify about these same actions in the administrative hearing, they were acting properly in their roles as TDH employees.

The crux of Rocha's case against appellants is that they wrongfully conspired to lie about his conduct in order to get him
fired from his job. Appellants' summary judgment evidence establishes that Magana, Trevino, and Del Toro reported the
incidents of inappropriate behavior they witnessed as they were required to do by TDH policy, that they testified truthfully
during the investigation and administrative hearing, and that they acted reasonably. Thus, the affidavits constitute prima
facie evidence that Magana, Trevino, and Del Toro acted in good faith in truthfully reporting incidents of inappropriate
behavior in the TDH workplace. 

Once the official or employee has met his burden of proof on good faith, the plaintiff carries a high burden of proof to
avoid a summary judgment based on official immunity. Davila, 6 S.W.3d at 793; City of Pharr v. Ruiz, 944 S.W.2d 709,
715 (Tex. App.-Corpus Christi 1997, no writ). To controvert a government official's summary judgment proof on good
faith, the plaintiff must show that no reasonable person in the defendant's position could have thought the facts were such
that they justified the defendant's actions. Chambers, 883 S.W.2d at 657; Roberts, 7 S.W.3d at 314; Davila, 6 S.W.3d at
793.

Rocha complains that the affidavits attached to appellants' motion for summary judgment are not readily controvertible and
are, thus, unacceptable summary judgment proof. However, we conclude the affidavits are controvertible. All Rocha had
to do to raise a fact issue was to produce his own summary judgment evidence contradicting appellant's evidence. This he
failed to do.

Instead of producing evidence that he did not engage in any misconduct, Rocha chose to rely on a small portion of his
deposition that appellants had attached to their motion for summary judgment showing that Rocha had conceded that "all
TDH employees exercise personal deliberation, decision, and judgment when they decide whether to report sexual
harassment or offensive behavior in the workplace." In this six-page deposition excerpt, Rocha testified: (1) that he did not
report jokes made by Trevino at the TDH office that Rocha found offensive, and (2) that he had made "a judgment call" and
did not report the offensive jokes "because [Trevino] probably would have gotten reprimanded or had some type of adverse
action taken against him." Rocha conceded that as a TDH employee he had a right to file a complaint if he had wanted to,
but that the first time he raised the allegation was after he was informed that he was going to be terminated. The deposition
excerpt does not address the truthfulness of the allegations of sexual harassment reported by appellants.

We hold appellants' summary judgment evidence establishes that Magana, Trevino, and Del Toro acted in good faith in
reporting incidents of inappropriate behavior by Rocha and that they are entitled to official immunity. Because Rocha
failed to produce summary judgment evidence controverting appellants' summary judgment evidence, we hold the trial
court erred in denying appellants' motion for summary judgment as it relates to Magana, Trevino, and Del Toro. We
sustain appellants' issue as it relates to Magana, Trevino, and Del Toro.

2. Hollingsworth


Appellants did not attach Hollingsworth's affidavit to their motion for summary judgment. Instead, they chose to rely upon
a copy of the employee complaint form Hollingsworth filled out and submitted, and a copy of a memorandum she wrote to
Sosa, which details the incidents of inappropriate behavior. These two documents were attached as exhibits to Sosa's
affidavit. In her affidavit, Sosa recounts the details of the conversations she had with Hollingsworth, Magana, Trevino, and
Del Toro, and the steps that were taken by TDH in investigating the complaints. We find these documents contain a
detailed account of the incidents in question. However, unlike the affidavits of Magana, Trevino and Del Toro, these
documents do not address the truthfulness of the allegations, which is at the heart of this lawsuit.

As we noted above, the crux of Rocha's case against appellants is that they wrongfully conspired to lie about his conduct in
order to get him fired from his job. Appellants' summary judgment evidence does not establish that Hollingtsworth's
reports about Rocha's behavior were truthful. Therefore, the summary judgment evidence does not establish that
Hollingsworth acted in good faith, and Hollingsworth did not establish that she is entitled to official immunity.

We hold the trial court did not err in denying appellants' motion for summary judgment as it relates to Hollingsworth. We
overrule appellants' issue as it relates to Hollingsworth.

3. Vela


As we stated above, the only cause of action against Vela that can be construed from the pleadings is wrongful termination,
apparently based on TDH's alleged failure to "protect the Plaintiff's constitutional rights of due process and equal protection
by failing to notify Plaintiff of the specific charges against him [and] the names of the individuals who were making the accusations."

In his affidavit, Vela recited the steps taken during the investigation and termination of Rocha. He further stated:

While serving as Regional Director for Region 11 for over five years, I approached all dismissal decisions in the same
manner. All my decisions concerning dismissals, including my decision to terminate Mr. Rocha, were based on my review
of the facts involved in direct consultation with the Office of General Counsel. In this case, I was acting pursuant to my
professional responsibilities as Regional Director and based on my lengthy experience as an administrator. In my opinion,
any reasonably prudent Regional Director would have exercised this type of discretion in deciding whether to terminate a
program manager for sexual harassment in the workplace.

We hold appellants' summary judgment evidence establishes that Vela's actions were done in good faith and that Vela is
entitled to official immunity on all state law causes of action. (5) Because Rocha failed to produce summary judgment
evidence controverting this summary judgment evidence, we hold the trial court erred in denying appellants' motion for
summary judgment as it relates to Vela. We sustain appellants' issue as it relates to Vela.

F. Conclusion


We affirm the trial court's order denying appellants' motion for summary judgment as it relates to Karen Hollingsworth. We
reverse the trial court's order denying appellants' motion for summary judgment as it relates to Leonel Vela, Derric Trevino,
Dora Del Toro, and Enedina Magana and render judgment that appellants' motion for summary judgment is granted as it
relates to Leonel Vela, Derric Trevino, Dora Del Toro, and Enedina Magana.




FEDERICO G. HINOJOSA

Justice




Publish. Tex. R. App. P. 47.3.



Opinion delivered and filed this 

the the 12th day of July, 2001.





1. This Court has jurisdiction to hear an interlocutory appeal of an order denying a motion for summary judgment based on
an assertion of official immunity. Tex. Civ. Prac. & Rem. Code Ann. § 51.014(5)(Vernon Supp. 2001); University of Tex.
Southwestern Med. Ctr. v. Margulis, 11 S.W.3d 186, 187-88 (Tex. 2000); City of La Joya v. Herr, 41 S.W.3d 755, 757 n.1
(Tex. App.-Corpus Christi 2001, no pet. h.). 

2. TDH did not file a motion for summary judgment and is not a party in this appeal.

3. An act is discretionary if it involves personal deliberation, decision, and judgment. City of Lancaster v. Chambers, 883
S.W.2d 650, 654 (Tex. 1994); Roberts v. Fooze, 7 S.W.3d 311, 314 (Tex. App.-Houston [1st Dist.] 1999, no pet.).

4. Officials act within the scope of their authority when they discharge duties generally assigned to them. Chambers, 883
S.W.2d at 668; City of Hidalgo v. Prado, 996 S.W.2d 364, 368 (Tex. App.-Corpus Christi 1999, no pet.).

5. We note that Rocha's claim against Vela appears to also allege a violation of federal rights under the United States
Constitution. Vela did not plead the federal affirmative defense of qualified immunity, appellants' motion for summary
judgment did not raise the issue, and we do not address it.