Opinion issued July 3, 2002








 In The

Court of Appeals

For The

First District of Texas






NO. 01-01-00817-CV






ANGELA MARIE JUNEMANN, Appellant


V.


HARRIS COUNTY AND LINNARD CROUCH, Appellees






On Appeal from the 133rdDistrict Court

Harris County, Texas

Trial Court Cause No. 99-33852






O P I N I O N


 Appellant, Angela Marie Junemann, challenges a summary judgment rendered
in favor of appellees, Harris County and Linnard Crouch. We address whether Harris
County and Crouch established that they are entitled to sovereign and official
immunity. We reverse. 

Facts

 On March 28, 1999, at 3:00 a.m., Crouch, an off-duty Harris County deputy
constable, was returning home after completing his patrol of a subdivision in
Houston. It was raining, and, as he passed over a crest in the highway, he observed
a vehicle was stopped and turned sideways in his lane of traffic. Crouch stopped his
patrol car behind the vehicle. Crouch claims he activated his overhead emergency
lights and an aerial stick. (1)

 Elizabeth Smith was driving on the highway that night, and, as she approached
the stopped vehicles, two cars in front of her swerved to the left and right to avoid
Crouch's patrol car. Smith slammed on her brakes, but collided with Crouch's patrol
car. Two more vehicles collided with Smith's vehicle before Junemann's vehicle was
involved in a separate seven-car accident several yards away. Junemann suffered a
head injury and multiple fractures. All of the drivers involved in the crashes testified
that Crouch had his hazard lights activated, but did not have his overhead emergency
lights activated. No witness observed an aerial stick.

 Junemann sued Harris County, Crouch, and several other individuals involved
in the accident. Junemann alleged, in relevant part, that Crouch was negligent for
failing to activate his overhead emergency lights. Crouch filed a motion for summary
judgment based on official immunity, and Harris County filed a plea to the
jurisdiction. The trial court granted Crouch's motion for summary judgment and
Harris County's plea to the jurisdiction.

Standard of Review

 In reviewing a rendition of summary judgment under Rule 166a (c), we assume
all evidence favorable to the nonmovant is true. Tex. R. Civ. P. 166a (c); Randall's
Food Mkts., Inc. v. Johnson, 891 S.W.2d 640, 644 (Tex. 1995). We indulge every
reasonable inference and resolve any reasonable doubt in favor of the nonmovant. 
Science Spectrum, Inc. v. Martinez, 941 S.W.2d 910, 911 (Tex. 1997). A defendant
may obtain summary judgment by conclusively establishing all elements of an
affirmative defense, such as immunity, as a matter of law. Ramos v. Texas Dep't. of
Pub. Safety, 35 S.W.3d 723, 726 (Tex. App.--Houston [1st Dist.] 2000, pet. denied).

 A governmental unit may challenge the trial court's subject-matter jurisdiction
by filing a plea to the jurisdiction. Texas Dept. of Transp. v. Jones, 8 S.W.3d 636,
638 (Tex. 1999). The plaintiff must allege facts that affirmatively demonstrate the
trial court's jurisdiction to hear a case. Tex. Ass'n of Bus. v. Tex. Air Control Bd., 852
S.W.2d 440, 446 (Tex. 1993). We review a trial court's ruling on a plea to the
jurisdiction de novo. Mayhew v. Town of Sunnyvale, 964 S.W.2d 922, 928 (Tex.
1998). 

Official Immunity 

 In her first issue, Junemann challenges the trial court's grant of summary
judgment in favor of Crouch on the ground of official immunity. Official immunity
is an affirmative defense. City of Lancaster v. Chambers, 883 S.W.2d 650, 653 (Tex.
1994). A governmental employee is entitled to official immunity if he is: (1)
performing a discretionary duty; (2) within the scope his authority; (3) in good faith. 
Univ. of Houston v. Clark, 38 S.W.3d 578, 580 (Tex. 2000).


 Discretionary Duty


 Actions that involve personal deliberation, decision, and judgment are
discretionary; actions that require obedience to orders or the performance of a duty
to which the actor has no choice, are ministerial. Lancaster, 883 S.W.2d at 654. In
Lancaster, the supreme court held that a police officer engaged in a high-speed chase
was engaged in a discretionary act. Id. at 655. We hold that Crouch's decision to
stop and render assistance is a discretionary act because that decision requires
personal deliberation and judgment.


 Scope of Employee's Authority


 An official acts within the scope of his authority if he is discharging the duties
generally assigned to him. Lancaster, 883 S.W.2d at 658. That an official is off-duty
is not dispositive of whether he was acting within the scope of his authority because
an off-duty officer who observes a crime immediately becomes an on-duty officer. 
Wallace v. Moberly, 947 S.W.2d 273, 277 (Tex. App.--Fort Worth 1997, no writ)
(citing City of Dallas v. Half Price Books, Records, Magazines, Inc., 883 S.W.2d 374,
377 (Tex. App.--Dallas 1994, no writ)). The supreme court has also held that an off-duty deputy constable who stopped on the roadway to render assistance at the scene
of an accident was entitled to official immunity. DeWitt v. Harris County, 904
S.W.2d 650, 651 (Tex. 1995). Determining when an officer is acting within the scope
of his authority depends on whether the officer is discharging a duty generally
assigned to him. Lancaster, 883 S.W.2d at 658.

 In his affidavit, Crouch testified that his duties include investigating
automobile accidents. He also testified that, as an officer, even when off-duty, he is
still obligated to stop and render aid at an accident scene, especially when he
determines that people might be injured or in need of assistance. Moreover,
Junemann does not contend, nor did she bring forth any evidence, that Crouch was
not acting within his scope of authority. We hold that Crouch's decision to stop and
render assistance was within the scope of his authority.


 Good Faith


 The final prong of official immunity requires the government official to
demonstrate that his acts were within the realm of what a reasonably prudent
government official could have believed was appropriate at the time in question. 
Roberts v. Foose, 7 S.W.3d 311, 314 (Tex. App.--Houston [1st Dist.] 1999, no pet.). 
This requires balancing the need for intervention with the countervailing severity of
potential public safety concerns. Wadewitz v. Montgomery, 951 S.W.2d 464, 467
(Tex. 1997). To be entitled to summary judgment, an officer must prove that a
reasonably prudent officer in the same or similar circumstances might have believed
that the action should have been taken. Lancaster, 883 S.W.2d at 657-58. To
controvert the officer's summary judgment proof, the plaintiff must do more than
show that a reasonably prudent officer could have decided not to take the action; the
plaintiff must show that no reasonable officer in the defendant's position could have
considered that the facts justified the defendant's acts. Id. at 658. For the purposes
of summary judgment, we take as true Junemann's claim that Crouch did not activate
his overhead emergency lights. See Randall's, 891 S.W.2d at 644; Tex. R. Civ. P.
166a (c).

 The summary judgment record shows that Crouch testified it was proper for
him to stop and render assistance at a traffic accident when one of the vehicles
involved in the accident was stranded on the roadway at 3:00 a.m. Crouch did not
testify whether it was standard procedure to activate overhead emergency lights or
hazard lights.

 The summary judgment record also included the expert testimony of Albert
Rodriguez, the commander of the Training Academy for the Texas Department of
Public Safety, who described the road conditions and Crouch's decision to stop and
render aid. Rodriguez focused on Crouch's decision to stop and his official capacity
as a peace officer in uniform while driving a marked patrol unit. Although Rodriguez
concluded that Crouch's actions were reasonable, discretionary, and conducted in
good faith, Rodriguez did not mention the procedures or standards for activating
overhead emergency lights as opposed to hazard lights. Rodriguez did not mention
Crouch's decision not to activate overhead emergency lights.

 Junemann's sole complaint on appeal is that Crouch should have activated
overhead emergency lights when he stopped his vehicle in a lane of traffic just
beyond a crest in the road when it was raining at 3:00 a.m. in the morning. Crouch
and Harris County contend the failure to activate overhead emergency lights may be
relevant to negligence, but it has no bearing on official immunity and good faith. See
Harris County v. Garza, 971 S.W.2d 733, 735 (Tex. App.--Houston [14th Dist.]
1998, no pet.) (holding that because jury found officer acted in good faith, negligence
was immaterial). Although a police officer can act in good faith and still be
negligent, negligent acts may still have some bearing on good faith. Chambers, 883
S.W.2d at 656. The test is whether any reasonably prudent officer under the same or
similar circumstances could have believed that the actions taken were proper. Id.

 Good faith depends on how a reasonably prudent officer could have assessed
both the need for an officer to respond and the risks of the officer's course of action,
based on the officer's perception of the facts at the time of the event. Wadewitz, 951
S.W.2d at 467. Accordingly, Crouch's summary judgment evidence should have
addressed the degree, likelihood, and obviousness of the risks created by his actions. 
See id. When, as here, the plaintiff alleges and presents evidence that an officer did
not take a certain action, the need and risk analysis must address the failure to take
the action, even though the officer claims he did take the action. The testimony from
Crouch and Rodriguez did not evaluate the risks associated with not activating
overhead emergency lights. Rodriguez and Crouch's general statements, that Crouch
acted in good faith and that any law enforcement officer could have taken the same
or similar actions, were insufficient to meet Crouch's summary judgment proof to
establish that Crouch's decision not to activate overhead emergency lights was in
good faith. See Clark, 38 S.W.3d at 587 (holding general statements on good faith
without substantiated references to need and risk analysis, are insufficient to
demonstrate good faith). Because Crouch did not conclusively establish that he acted
in good faith, the trial court erred by granting summary judgment based on official
immunity.

 We sustain Junemann's first issue.

Sovereign Immunity 

 In her second issue, Junemann challenges the trial court's granting Harris
County's plea to the jurisdiction in favor of Harris County on the ground of sovereign
immunity. Waiver of sovereign immunity is set out in section 101.021 of the Texas
Civil Practices and Remedies Code:

 Section 101.021. Government Liability

 A governmental unit in the state is liable for:

 (1) property damage, personal injury, and death proximately caused
by the wrongful act or omission or the negligence of an employee
acting within his scope of employment if:


 (A) the property damage, personal injury, or death arises from
the operation or use of a motor-driven vehicle or motor-driven equipment; and


 (B) the employee would be personally liable to the claimant
according to Texas law; and


 (2) personal injury and death so caused by a condition or use of
tangible personal or real property if the governmental unit would,
were it a private person, be liable to the claimant according to
Texas law.


Tex. Civ. Prac. & Rem. Code § 101.021 (Vernon 1997).


 Sovereign immunity and official immunity are distinguishable. Kassen v.
Hatley, 887 S.W.2d 4, 8 (Tex. 1994). Official immunity protects individual officials
from liability; sovereign immunity protects governmental entities from suit. Id. 
Harris County contends that, if a government official is entitled to official immunity,
the government unit retains its sovereign immunity under section 101.021. See
DeWitt, 904 S.W.2d at 653. Because we have concluded that Crouch has not
established his entitlement to official immunity for his actions, we hold that Harris
County is not entitled to sovereign immunity on this basis.

 As an independent basis, Harris County contends it is entitled to sovereign
immunity because Crouch was not using tangible property as defined under the Tort
Claims Act. See Tex. Civ. Prac. & Rem. Code § 101.021(2) (Vernon 1997). Harris
County cites two cases for the proposition that failing to activate emergency lights is
not action covered by the Tort Claims Act. See City of Houston v. Rushing, 7 S.W.3d
909, 915 (Tex. App.--Houston [1st Dist.] 1999, no pet.); Cameron County v. Carillo,
7 S.W.3d 706, 710 (Tex. App.--Corpus Christi 1999, no pet.).

 To recover under the theory of use or misuse of non-defective tangible personal
property, a plaintiff must allege: (1) the property was used or misused by a
governmental employee acting within the scope of his employment; and (2) the use
or misuse of the property was a contributing factor to the alleged harm. Salcedo v.
El Paso Hosp. Dist., 659 S.W.2d 30, 31 (Tex. 1983). The property need not have
caused the alleged harm, but it must have been a contributing factor. Rushing, 7
S.W.3d at 915. 

 In Rushing, we held that an officer's decisions not to call dispatch, not to use
a marked car to alert traffic, and not to park a car in the street constituted non-use of
tangible property, and therefore, immunity was not waived under the Tort Claims Act. 
Rushing, 7 S.W.3d at 915. In Carillo, the court held that a police officer's removing
a tire from the road constituted non-use of tangible property. Carillo, 7 S.W.3d at
710. These cases are distinguishable because the officer here used his vehicle by
parking it in a moving lane of traffic and turning on his hazard lights, but allegedly
misused the vehicle by not activating the overhead emergency lights. See Austin Ind.
School Dist. v. Gutierrez, 54 S.W.3d 860, 865-66 (Tex. App.--Austin 2001, no pet.)
(discussing line of cases in which school bus driver's failure to activate emergency
lights constituted use of tangible property that waived immunity under Tort Claims
Act). We hold that because Crouch's actions qualify as use under the Tort Claims
Act, Junemann's pleadings properly raised waiver of immunity. Rushing, 7 S.W.3d
at 915.

 Because Crouch did not establish entitlement to official immunity, and because
he was using tangible property under the Tort Claims Act, we hold that Harris County
has not established its entitlement to sovereign immunity.

 We sustain Junemann's second issue. 

Conclusion

 We reverse the judgment of the trial court and remand the cause for further
proceedings.


 

 Tim Taft

 Justice


Panel consists of Justices Mirabal, Taft and Price. (2)

Publish. Tex. R. App. P. 47.4.
1. A flare emergency personnel place on the ground to illuminate roadways.
2. The Honorable Frank C. Price, former Justice, Court of Appeals, First District
of Texas at Houston, participating by assignment.