Opinion issued August 30, 2002











 





In The

Court of Appeals

For The

First District of Texas






NO. 01-01-00834-CV

____________


MICHAEL JOSEPH FERNANDEZ, Appellant


V.


RUBEN JAIME RIVERA, Appellee






On Appeal from the 157th District Court

Harris County, Texas

Trial Court Cause No. 98-56332






O P I N I O N


 In this accelerated appeal, appellant, Michael Joseph Fernandez, brings an
interlocutory appeal from the trial court's denial of his motion for summary judgment. 
Fernandez presents two issues on appeal, claiming the trial court erred in not granting
summary judgment in his favor, based on governmental and qualified immunity, on
all claims asserted by appellee, Ruben Jaime Rivera.

 We reverse and render in part and affirm in part.

Facts and Procedural Background


 In his second amended petition, Rivera sued Fernandez, a Houston Police
Officer, (1) in both his official and individual capacity, for negligence, false arrest,
malicious prosecution, and intentional infliction of emotional distress arising from
an incident that occurred at Rivera's residence.

 On the night of March 22, 1997, Officer Fernandez, on a low-priority dispatch
call, went to Rivera's house to deliver a message to Margarita Gonzales, who was
living there with Rivera. Vernon Gonzales, Margarita's husband, had reported he was
unable to reach her by telephone and requested the dispatch to inform Margarita that
their daughter was ill. Officer Fernandez arrived at Rivera's house and, when Rivera
answered the front door, Fernandez asked to speak with Margarita Gonzales.

 According to Officer Fernandez, when Rivera opened the door, Fernandez felt
his safety was in jeopardy because Rivera appeared evasive and did not fully open the
door. Rivera also refused to call Margarita to the door. Officer Fernandez alleged
that, after Rivera refused to comply with his request to fully open the door, Fernandez
pushed the door open, and Rivera then pushed Fernandez and hit him with his
forearm and hand. Officer Fernandez then attempted to arrest Rivera, and the two
men struggled through several rooms of the residence before additional officers
arrived to assist in subduing Rivera.

 The version of events presented by Rivera differed significantly from that
presented by Officer Fernandez. Rivera denied ever striking Fernandez. According
to Rivera, he fully opened the front door when asked to do so and immediately called
Margarita Gonzales to the door. Rivera alleged that Gonzales told Officer Fernandez
she had already spoken to her daughter and was aware that she was ill. However,
Officer Fernandez ignored Gonzales, "violently" pushed the door back, grabbed
Rivera, pushed and hit him with his hands and his flashlight or baton, and told Rivera
he was "going to teach him a lesson." Rivera further alleged that all the other
Houston Police officers, who arrived to assist Officer Fernandez, kicked him while
he was on the ground.

 Officer Fernandez answered the lawsuit and asserted governmental and
qualified immunity from suit and liability. He subsequently filed his motion for
summary judgment, seeking judgment as a matter of law on all claims raised by
Rivera both on the grounds of immunity and on the merits of Rivera's claims. After
a hearing, the trial court denied Fernandez's motion for summary judgment in its
entirety.

 We have jurisdiction over this interlocutory appeal pursuant to Tex. Civ. Prac.
& Rem. Code Ann. § 51.014(a)(5) (Vernon Supp. 2002), which permits an individual
who is an officer of a political subdivision of the state to appeal the denial of a
summary judgment based on an assertion of immunity. See City of Houston v.
Kilburn, 849 S.W.2d 810, 812 (Tex. 1993).

Standard of Review


 A party moving for summary judgment has the burden of proving there is no
genuine issue of material fact and the movant is entitled to judgment as a matter of
law. Tex. R. Civ. P. 166a(c); Nixon v. Mr. Prop. Mgmt., 690 S.W.2d 546, 548 (Tex.
1985); Farah v. Mafrige & Kormanik, 927 S.W.2d 663, 670 (Tex. App.--Houston
[1st Dist.] 1996, no writ). When deciding whether there is a disputed material fact
issue precluding summary judgment, evidence favorable to the non-movant will be
taken as true. Nixon, 690 S.W.2d. at 548-49. Every reasonable inference must be
indulged in favor of the non-movant and any doubts resolved in its favor. Id. When
a defendant moves for summary judgment, it must either: (1) disprove at least one
element of the plaintiff's cause of action, or (2) plead and conclusively establish each
essential element of its affirmative defense, thereby rebutting the plaintiff's cause of
action. Cathey v. Booth, 900 S.W.2d 339, 341 (Tex. 1995); Farah, 927 S.W.2d at
670. We apply this standard in reviewing whether Fernandez established all of the
elements of his affirmative defenses to Rivera's claims.

Official Capacity


 In his second issue, Fernandez argues he, in his official capacity, is immune
from suit and liability based on the affirmative defense of governmental immunity. (2)

 Under the common-law doctrine of governmental immunity, a unit of
government may not be sued without consent. Scott v. Prairie View A & M Univ., 7
S.W.3d 717, 719 (Tex. App.--Houston [1st Dist.] 1999, pet. denied). A suit against
a government employee in his official capacity is, in all respects, a suit against the
governmental unit; thus, an employee sued in his official capacity is shielded by
governmental immunity. Univ. of Tex. Med. Branch at Galveston v. Hohman, 6
S.W.3d 767, 777 (Tex. App.--Houston [1st Dist.] 1999, pet. dism'd w.o.j.). The City
of Houston is a governmental unit generally immune from tort liability, except where
the legislature has specifically waived that immunity. City of LaPorte v. Barfield,
898 S.W.2d 288, 291 (Tex. 1995); Reyes v. City of Houston, 4 S.W.3d 459, 461 (Tex.
App.--Houston [1st Dist.] 1999, pet. denied).

Intentional Tort Claims

 The Texas Tort Claims Act provides a limited waiver of immunity for
governmental units, including municipalities performing governmental functions such
as providing police protection. Tex. Civ. Prac. & Rem. Code Ann. §§ 101.021,
.0215 (Vernon 1997 & Supp. 2002) ("the Act"). This waiver does not extend to suits
for intentional torts. Id. § 101.057 (Vernon 1997).

 Rivera's claims of false arrest, malicious prosecution, and intentional infliction
of emotional distress are intentional tort claims. Hohman, 6 S.W.3d at 777
(intentional infliction of emotional distress); City of Hempstead v. Kmiec, 902 S.W.2d
118, 122 (Tex. App.--Houston [1st Dist.] 1995, no writ) (false arrest and malicious
prosecution). Because there is no waiver of governmental immunity under the Act
for intentional torts, Fernandez, in his official capacity, is immune from suit and
liability for such claims. See Hohman, 6 S.W.3d at 777.

 In the absence of a waiver of governmental immunity, a court has no
jurisdiction to entertain a suit against a governmental unit. Tex. Dep't of Transp. v.
Jones, 8 S.W.3d 636, 638 (Tex. 1999). When a trial court learns that it lacks
jurisdiction to hear a cause, the court must dismiss the cause and refrain from
rendering a judgment on the merits. Li v. Univ. of Tex. Health Sci. Ctr., 984 S.W.2d
647, 654 (Tex. App.--Houston [14th Dist.] 1998, writ denied).

 We conclude the trial court erred in not dismissing, for want of subject matter
jurisdiction, Rivera's intentional tort claims brought against Fernandez in his official
capacity, and we sustain this portion of Fernandez's second issue.

Statutory Bar

 Fernandez argues that, should we decide to reverse and render judgment of
dismissal on Rivera's intentional tort claims alleged against Fernandez in his official
capacity, section 101.106 of the Act bars Rivera from pursuing the intentional tort
claims alleged against Fernandez in his individual capacity as well as the negligence
claim brought against Fernandez in both his official and individual capacities.

 Section 101.106 provides that "[a] judgment in an action or a settlement of a
claim under this chapter bars any action involving the same subject matter by the
claimant against the employee of the governmental unit whose act or omission gave
rise to the claim." Tex. Civ. Prac. & Rem. Code Ann. § 101.106 (Vernon 1997). 
Texas courts have held that this statutory bar may be triggered by a judgment against
or in favor of a governmental entity. See Dallas County MHMR v. Bossley, 968
S.W.2d 339, 343-44 (Tex. 1998). However, section 101.106 contemplates the
existence of a final judgment against or in favor of a governmental unit. See Gibson
v. Spinks, 895 S.W.2d 352, 355 (Tex. 1995). Here, there has been no judgment
against or in favor of a governmental unit because the City of Houston was not named
as a party.

 Accordingly, we conclude Rivera's remaining intentional tort and negligence
claims are not barred by section 101.106.

Negligence Claim

 The Act further provides that "[a] governmental unit . . . is liable for personal
injury and death so caused by a condition or use of tangible personal or real property
if the governmental unit would, were it a real person, be liable to the claimant
according to Texas law." Tex. Civ. Prac. & Rem. Code Ann. § 101.021(2) (Vernon
1997). (3) Fernandez's liability, if any, in his official capacity, for Rivera's negligence
claim, is derivative of the qualified immunity, (4) if any, which protects him in his
individual capacity. See K.D.F. v. Rex, 878 S.W.2d 589-596-97 (Tex. 1994). If, in
his individual capacity, Fernandez's qualified immunity protects him from Rivera's
negligence claim, he is similarly protected from such claim in his official capacity.

 We must, therefore, examine the extent to which Fernandez's qualified
immunity protects him, in his individual capacity, both from Rivera's negligence and
intentional tort claims.

Individual Capacity


 In his first issue, Fernandez argues the trial court erred in not granting summary
judgment in his favor on Rivera's negligence and intentional tort claims alleged
against Fernandez in his individual capacity.

 Qualified immunity is an affirmative defense to claims brought against a
government employee, in his individual capacity, that applies when the employee
exercises discretion, in good faith, while acting within the scope of his official
authority. Wadewitz v. Montgomery, 951 S.W.2d 464, 465 (Tex. 1997); Texas Dep't
of Pub. Safety v. Perez, 905 S.W.2d 695, 698 (Tex. App--Houston [14th Dist.] 1995,
no writ). The purpose of the qualified immunity doctrine is to protect public officers
from civil liability for conduct that would otherwise be actionable. City of Lancaster
v. Chambers, 883 S.W.2d 650, 654 (Tex.1994).

 The parties do not dispute that, at all relevant times pertaining to the incident
on March 22, 1997, Fernandez was performing the discretionary functions of a police
officer while in the course and scope of his employment. The only dispute is whether
Fernandez was acting in good faith in the performance of those duties.

 Concerning good faith, Chambers held that an officer acts in good faith in a
pursuit case if "a reasonably prudent officer, under the same or similar circumstances,
could have believed that the need to immediately apprehend the suspect outweighed
a clear risk of harm to the public in continuing the pursuit." Chambers, 883 S.W.2d
at 656. The court derived this test from federal immunity law and stated as follows:

 [W]e look to whether a reasonable official could have believed his or
her conduct to be lawful in light of clearly established law and the
information possessed by the official at the time the conduct occurred. 
Thus, qualified immunity protects "all but the plainly incompetent or
those who knowingly violate the law."


Chambers, 883 S.W.2d at 656 (quoting Swint v. City of Wadley, 5 F.3d 1435, 1441-42
(11th Cir.1993)). The "could have believed" aspect of the good-faith test means that
in order to achieve summary judgment, an officer must prove that a reasonably
prudent officer might have believed that his actions were justified. It does not mean
that an officer has to prove that it would have been unreasonable not to act as he did;
nor must the officer prove that all reasonably prudent officers would have acted as he
did. Chambers, 883 S.W.2d at 656-57. To controvert the officer's summary
judgment proof on good faith, a plaintiff must do more than show that a reasonably
prudent officer could have decided to act otherwise; the plaintiff must show that "no
reasonable person in the defendant's position could have thought the facts were such
that they justified defendant's acts." Chambers, 883 S.W.2d at 657 (citing Malley v.
Briggs, 475 U.S. 335, 341, 106 S. Ct. 1092, 1096 (1986)).

 In qualified immunity cases, good faith is measured against a standard of
objective legal reasonableness, "without regard to the officer's subjective state of
mind." Wadewitz, 951 S.W.2d at 466 (citing Chambers, 883 S.W.2d at 656). We
apply the good faith test both to Rivera's negligence claims alleged against Fernandez
in his official capacity and to his negligence and intentional tort claims alleged
against Fernandez in his individual capacity. See Kmiec, 902 S.W.2d at 121 (holding
police chief acted in good faith involving claims of false arrest, malicious
prosecution, and defamation); Victory v. Bills, 897 S.W.2d 506, 509 (Tex. App.--El
Paso 1995, no writ) (holding material fact issue existed sufficient to defeat summary
judgment for sheriff's deputy on claims of assault and battery).

 In the present case, Fernandez offered, as summary judgment evidence, his
affidavit and that of his former supervisor, Houston Police Captain R. D. Ellen. 
Neither affidavit, nor any of Fernandez's other summary judgment evidence,
addressed the facts as Rivera alleges they occurred. Rivera's deposition testimony
was supported and corroborated by the deposition testimony of Margarita Gonzales. 
Neither we nor the trial court can resolve the factual differences presented by the
evidence in Fernandez's favor. Taking Rivera's proof as true, as the trial court was
required to do, Rivera's summary judgment evidence raised a material fact issue
regarding whether any reasonable police officer would have acted as Rivera alleged
Fernandez to have acted here. See City of Houston v. Davis, 57 S.W.3d 4, 7-8 (Tex.
App.--Houston [14th Dist.] 2001, no pet.); Roberts v. Foose, 7 S.W.3d 311, 315
(Tex. App.--Houston [1st Dist.] 1999, no pet.).

 Therefore, in light of the contradictory proof on material facts presented by the
summary judgment record, and Fernandez's failure to address the facts in the light
most favorable to Rivera, we hold that Fernandez failed to produce sufficient proof
to meet his burden to conclusively establish good faith and the trial court did not err
in denying this portion of the motion for summary judgment.

 We overrule Fernandez's first issue, and we overrule the portion of
Fernandez's second issue concerning the negligence claim alleged against him in his
official capacity.

Merits of Rivera's Claims


 Fernandez also argues that, notwithstanding our resolution of the issue of his
immunity, he was entitled to summary judgment on the merits of Rivera's claims
because, as a matter of law, Fernandez demonstrated Rivera cannot prevail on his
causes of action and Rivera failed to present adequate summary judgment evidence
to support all the elements of his causes of action. See Tex. R. Civ. P. 166a(c), (i). 
However, our interlocutory review of the denial of Fernandez's motion for summary
judgment is limited to determining whether he is immune from the claims presented
by Rivera. See Gallia v. Schreiber, 907 S.W.2d 864, 867 (Tex. App.--Houston [1st
Dist.] 1995, no writ). Accordingly, we do not consider whether Fernandez has
shown, as a matter of law, whether Rivera can prevail on the merits of his claims.

Conclusion


 We reverse and render judgment of dismissal solely on Rivera's intentional tort
claims brought against Fernandez in his official capacity. We affirm the remainder
of the trial court's interlocutory order.




 Terry Jennings

 Justice


Panel consists of Justices Mirabal, Hedges, and Jennings.


Do not publish. Tex. R. App. P. 47.
1. The City of Houston, Fernandez's employer, was not separately named as a
defendant.
2. Governmental immunity is also referred to as sovereign immunity. See, e.g.,
Brand v. Savage, 920 S.W.2d 672, 674 (Tex. App.--Houston [1st Dist.] 1995,
no writ). 
3. Rivera argues the tangible personal property used here was Fernandez's baton
and/or his flashlight (used as a baton, not merely for illumination).
4. Qualified immunity is also referred to as official immunity. Brand, 920
S.W.2d at 674.