HARRIS COUNTY, Texas, Appellant,

v.

Jose GARZA, as Next Friend of Yvonne
Silvestre;  Yvonne Silvestre, and
Lori Silva, Appellees.

No. 14–96–01455–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

June 25, 1998.

Ralph R. Martinez, Wade B. Reese, Barbara Ann Callistien, Lisa S. Rice, Houston, for appellant.

Hugh J. Howerton, A. Don Forester, Houston, for appellees.

Before LEE, AMIDEI and FOWLER, JJ.

## OPINION

AMIDEI, Justice.

Harris County, Texas, appeals from a judgment upon a jury verdict for appellees for money damages arising from an automobile accident involving a deputy constable and appellees. In two points of error, appellant contends (1) the trial court erred in entering judgment against appellant contrary to the jury's findings, and (2) there was no evidence to support the entry of judgment against appellant. As to the judgment against Harris County, we reverse and render judgment that appellees take nothing.

On September 28, 1992, at about 8:00 p.m., Harris County Deputy Constable Raymond Nieto (Nieto) received a call ·on his radio from Joe Reece, an off-duty deputy constable, reporting that there was a family disturbance in the area. Reece told Nieto that a distressed citizen came to Reece's door and told Reece that an irate male was wielding a knife at a citizen's residence. Reece informed Nieto that he needed Nieto to immediately back Reece up at the complainant's residence. Believing there was an emergency situation, Nieto turned on his overhead emergency lights and drove towards the reported location. Nieto stated he was going between 30 and 40 mph in a 30 mile per hour zone, and passed other cars who moved out of his way. Upon turning on Trecastle street, Nieto observed no traffic other than the appellees' car, driven by Hilda Garza. Nieto approached from the rear of Garza's car, observed the brakelights come on, and Garza appeared to be moving to the right to

stop her vehicle. Believing Garza had seen him, Nieto started to pass Garza. Garza made a left-hand turn in front of Nieto onto another street, and Nieto struck the left front fender of Garza's car. Appellee Yvonne Silvestre stated she saw Nieto's emergency lights on about ten seconds before the collision.

In answer to the negligence question, the jury found Nieto and Garza negligent. The jury further found Garza 60% responsible and Nieto 40% responsible. In their answer to question three, the jury found Nieto failed to turn on his overhead lights in response to an emergency call, and keep them on throughout his route until the accident occurred. In their answer to question four, the jury found Nieto acted in good faith with regard to the accident.

Appellant moved for entry of judgment in its favor based on the jury verdict, and asked that it be held immune under the Tort Claims Act. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 101.021(1) (Vernon 1986). The trial court overruled appellant's motion for judgment on the verdict, and entered judgment for the appellees against Hilda Garza for 60% of the damages and against the appellant for 40% of the damages. Specifically, the judgment against Harris County was for: (1) $1,360.00 for Lori Silva, (2) $4,257.38 for Jose Garza, as next friend of Yvonne Silvestre, and (3) $880.00 for Yvonne Silvestre, individually. The trial court overruled appellant's motion to modify, correct, or reform the judgment in favor of Harris County, based on the jury's verdict.

In point of error one, appellant contends the trial court erred in granting judgment contrary to the verdict of the jury. Appellant argues the jury found that Nieto was acting in good faith, and he was entitled to official immunity. Because Nieto was immune from liability, Harris County was also immune under the doctrine of respondeat superior. We agree with appellant.

**■** The fundamental rule that the judgment of the trial court must conform to the verdict necessarily implies that the court must consider the verdict as a whole. *Teas v. Republic National Bank of Dallas,* 460 S.W.2d 233, 240 (Tex.Civ.App.—Dallas 1970,

writ ref'd n.r.e.). The judge may not disregard answers to material issues, set aside findings and make contrary ones, hear additional evidence and make supplementary findings on material issues, or select from conflicting findings those which he approves. *Highlands Ins. Co. v. Baugh,* 605 S.W.2d 314, 319 (Tex.Civ.App.—Eastland 1980, no writ).

**■** Although the jury found Nieto failed to turn on his emergency overhead lights and keep them on until the time of the accident, the jury further found he was acting in good faith at the time of the accident. The record does not reveal if the trial court disregarded the finding with respect to the emergency lights in entering the judgment. The trial court held a hearing on appellant's motion for entry of judgment on the jury verdict, but no record was made of the hearing. Appellant argued in its motion for judgment that the issue of the emergency lights was relevant only to Nieto's negligence, and had no bearing on the jury's finding of good faith. Appellant further argued in its motion that the issue of Nieto's negligence was immaterial when deciding if the officer is entitled to official immunity under *City of Lancaster v. Chambers,* 883 S.W.2d 650 (Tex.1994).

**■** In *Chambers,* the supreme court held: "The complex policy judgment reflected by the doctrine of official immunity, if it is to mean anything, protects officers from suit even if they acted negligently." *Id.* at 655. A trial court may disregard a jury finding only if it is unsupported by evidence, or if the issue is immaterial. *Spencer v. Eagle Star Ins. Co. of America,* 876 S.W.2d 154, 157 (Tex.1994). A question is immaterial when it should not have been submitted, or when it was properly submitted but has been rendered immaterial by other findings. *Id.* Because the jury found Nieto was acting in good faith, the finding of his negligence was rendered immaterial. *See Id.*

In *Chambers,* the supreme court held that an officer acts in good faith in a pursuit case if:

[A] reasonably prudent officer, under the same or similar circumstances, could have

believed that the need to immediately apprehend the suspect outweighed a clear risk of harm to the public in continuing the pursuit.

*Id.* at 656.

In this case, the jury was given an instruction that followed the *Chambers* definition, as follows:

> You are instructed that an officer acts in good faith when a reasonably prudent officer, under the same or similar circumstances, could have believed that the need to proceed immediately to the scene of the family disturbance outweighed a clear risk of harm to the public.

The jury found that Nieto acted in good faith under the circumstances in this case.

■ Government employees are entitled to official immunity from suit arising from the performance of their (1) discretionary duties in (2) good faith as long as they are (3) acting within the scope of their authority. *Chambers,* 883 S.W.2d at 653. That Nieto was acting within the scope of his authority, was not disputed.

■ Under facts similar to this case, the *Chambers* court held that a police officer's engaging in a high-speed pursuit of a suspect was a discretionary act. *Id.* at 655. In this case, Nieto received a radio call from Deputy Reece for assistance on a family violence matter near Reece's house. Having been advised a suspect was wielding a knife at a citizen's residence, Nieto determined an emergency situation existed. After the initial decision to respond immediately, Nieto had to determine what route to follow, at what speed, and should back-up be called for on the way to the disturbance. In defining "discretionary acts" and "ministerial acts," the *Chambers* court stated, in pertinent part:

> Ministerial acts are those where the law prescribes and defines the duties to be performed with such precision and certainty as to leave nothing to the exercise of discretion or judgment ... but where the act to be done involves the exercise of discretion or judgment, it is not to be deemed merely ministerial [citations omitted].

\* \* \* \* \* \* \* \* \*

If an action involves personal deliberation, decision and judgment, it is discretionary; actions which require obedience to orders or the performance of a duty to which the actor has no choice, are ministerial.

*Id.* at 654.

We hold that Nieto's driving at high speed to the scene of reported violence was a discretionary act.

■ The appellant clearly proved all the required elements under *Chambers* to establish official immunity for Nieto. Because Nieto had official immunity, his employer, Harris County, as a political subdivision of the State, is not liable under section 101.021, Texas Civil Practice and Remedies Code. *Id.* at 658. "If the officers are immune from suit, they are not 'personally liable to the claimant according to Texas law.'" *Id.* Section 101.021 provides that a governmental unit is liable for personal injury if "(B) the employee would be personally liable to the claimant according to Texas law." *Id. See also DeWitt v. Harris County,* 904 S.W.2d 650, 653–54 (Tex.1995).

We find the trial court erred in overruling appellant's motion for judgment on the verdict, and entering judgment against Harris County for proportionate damages. We sustain appellant's point of error one. We find this point to be dispositive, and do not address appellant's point of error two. Pursuant to rule 43.3, Texas Rules of Appellate Procedure (formerly rule 80(c)), we reverse the judgment of the trial court and render judgment for Harris County, Texas, that appellees take nothing.