In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-04-00016-CV
______________________________


KENNETH R. JOHNSON AND
TITUS COUNTY, TEXAS, Appellants
 
V.
 
ROBERT RANCE CAMPBELL, Appellee


                                              

On Appeal from the 76th/276th Judicial District Court
Titus County, Texas
Trial Court No. 28,724


                                                 



Before Morriss, C.J., Ross and Cornelius,* JJ.
Opinion by Justice Cornelius
*William J. Cornelius, C.J., Retired, Sitting by Assignment

O P I N I O N

          Robert Rance Campbell sued Kenneth R. Johnson and Titus County to recover
damages for personal injuries and property damages resulting from a collision at a Mount
Pleasant intersection between a sheriff's department vehicle driven by Johnson and a
pickup truck driven by Campbell. Johnson was a sheriff's deputy responding to a call when
the collision occurred.
          Johnson and Titus County filed a motion for summary judgment contending they
were both entitled to immunity. Campbell filed a response, contending that a material fact
issue existed as to whether Johnson and Titus County were entitled to immunity. After a
hearing, the trial court denied the motion for summary judgment. Johnson and Titus
County appeal pursuant to the provisions of Tex. Civ. Prac. & Rem. Code Ann.
§ 51.014(a)(5) (Vernon Supp. 2004–2005), which provides for an interlocutory appeal of
the denial of a motion for summary judgment on the ground of immunity. Because we
conclude Campbell failed to produce summary judgment evidence raising a material fact
issue as to Johnson's official immunity, we reverse the trial court's order denying summary
judgment and render judgment that Campbell take nothing.
          This case is governed by the principles set out in the Texas Supreme Court cases
of City of Lancaster v. Chambers, 883 S.W.2d 650 (Tex. 1994), and Wadewitz v.
Montgomery, 951 S.W.2d 464 (Tex. 1997).
          Official immunity is an affirmative defense that protects a government employee
from liability when the employee is (1) acting in the scope of his employment,
(2) performing a discretionary duty, and (3) acting in good faith. Univ. of Houston v. Clark,
38 S.W.3d 578, 580 (Tex. 2000); Wadewitz v. Montgomery, 951 S.W.2d 464; City of
Lancaster v. Chambers, 883 S.W.2d 650. If a government employee acts within the scope
of his employment in the performance of a discretionary duty and acts in good faith, he is
entitled to official immunity even though his acts are negligent, or even illegal. City of
Lancaster v. Chambers, 883 S.W.2d 650; Campbell v. Jones, 153 Tex. 101, 264 S.W.2d
425 (1954); Harris County v. Garza, 971 S.W.2d 733 (Tex. App.—Houston [14th Dist.]
1998, no pet.); Harris County v. Ochoa, 881 S.W.2d 884 (Tex. App.—Houston [14th Dist.]
1994, writ denied).
          The collision in question occurred while Johnson was in his patrol car responding
to a family violence call. Campbell concedes that, at the time, Johnson was an employee
of Titus County and was acting in the scope of his employment. The summary judgment
evidence shows that Johnson was also performing a discretionary duty. The
reasonableness of an officer's response to a call is based on the facts perceived by the
officer, not on the facts as they may have actually existed. Telthorster v. Tennell, 92
S.W.3d 457 (Tex. 2002); Williams v. Houston Firemen's Relief & Retirement Fund, 121
S.W.3d 415 (Tex. App.—Houston [1st Dist.] 2003, no pet.). When an officer is responding
to what has been communicated to him as a family violence dispute, he is performing a
discretionary duty. Harris County v. Garza, 971 S.W.2d 733.
          The test for determining whether a governmental officer is acting in good faith in the
performance of his duty is whether a reasonably prudent officer, under the same or similar
circumstances, could have believed that the need to immediately respond to a crime scene
outweighed any clear risk of harm to the public. Wadewitz v. Montgomery, 951 S.W.2d
464; City of Lancaster v. Chambers, 883 S.W.2d 650; Harris County v. Garza, 971 S.W.2d
733. This test is one of objective legal reasonableness, without regard to whether the
officer acted with subjective good faith. Wadewitz v. Montgomery, 951 S.W.2d 464.
          An officer is entitled to summary judgment on the issue of good faith if he submits
uncontroverted summary judgment evidence that, in responding to a call, he met the test
of good faith set out in Chambers and Wadewitz. To successfully controvert the officer's
summary judgment proof on good faith, the plaintiff must do more than show that a
reasonably prudent officer could have decided to stop the pursuit; he must show that no
reasonable person in the officer's position could have thought the facts were such that they
justified the officer's acts. City of Lancaster v. Chambers, 883 S.W.2d 650.
          The motion for summary judgment filed by Johnson and Titus County was supported
by depositions, answers to interrogatories, and affidavits, including one by Johnson and
one by an expert, Dr. Merlin Moore. The summary judgment evidence shows that Johnson
was in the squad room of the sheriff's department when he received a family violence call. 
Dispatcher Kim Evans told Johnson that there was a family violence call and that he had
been to that same location on another family violence call a few days previously. The
previous occasion was a family violence call where a man was threatening his wife or
"significant other." Johnson understood there was also a threat that, if an officer came out
to the scene, the man was going to shoot the woman and the officer. Johnson responded
to the current call, and Officer Billy Chance followed as back-up. Johnson selected the
route to travel to the scene, which was a direct route through an area of the City of Mount
Pleasant. When Johnson came to the intersection of 1st and Madison Streets, he drove
around some vehicles stopped at the intersection and entered the intersection. A pickup
truck entered the intersection from another direction and collided with Johnson. The traffic
light at the intersection was red when Johnson entered it. In his deposition, Johnson told
plaintiff's counsel that the intersection of 1st and Madison Streets was a location where an
officer should be running his lights and sirens when responding to a call.
          Dr. Moore stated in his affidavit that Johnson's response to the family violence call
was reasonable and in good faith when analyzed by the standards set out in Chambers,
and he analyzed the summary judgment evidence with reference to those standards. 
Moore examined the facts about Johnson's response against a standard of objective legal
reasonableness and without regard to Johnson's subjective state of mind. Moore
assessed the need to which Johnson was responding and the risk of harm to the public as
a result, and based on Johnson's objective perception of the facts, Moore considered the
countervailing public safety concerns, including the nature and severity of the harm that
Johnson's acts could have caused, including injuries to bystanders and the possibility that
an accident might prevent Johnson from reaching the crime scene, the likelihood that any
harm would occur, and whether any risk of harm would be clear to a reasonably prudent
officer. Moore further stated that a domestic violence disturbance case is a serious offense
which may require an immediate response by the officer to prevent loss of life or serious
bodily injury. Moore concluded from these and other facts that a reasonably prudent officer
could have believed that, under the same or similar circumstances, Johnson's course of
action was reasonable and that the need to immediately reach the crime scene outweighed
any clear risk of harm to the public in continuing the response.
          Campbell filed a response to Johnson and Titus County's motion for summary
judgment. Campbell's response was supported by depositions and several affidavits,
including affidavits of Tiffinay Cullen, Jill Fulce, and certified police officer Joe Montgomery. 
Cullen stated that she saw the collision, that the light was red when Johnson entered the
intersection, and that she heard no siren. She also said that, after the collision, her
husband told her that, when they were pulling Johnson out of the vehicle, Johnson "hit all
the switches and the sirens and lights came on." Fulce stated there actually was no family
violence at the reported scene, but only a girl's boyfriend who refused to remove his car
from her driveway. Montgomery stated that he was a certified peace officer with thirty
years' experience and that he had reviewed the summary judgment evidence and had the
opinion that Johnson's acts in entering the intersection against a red light and driving past
waiting traffic at a speed of thirty to thirty-five miles per hour was a reckless disregard for
the safety of others. He noted that Johnson failed to comply with the Titus County
interoffice memorandum regarding precautions an officer should take on coming upon an
intersection or a signal light, and failed to comply with Tex. Transp. Code Ann. § 546.005
(Vernon 1999); and when one balances the severity of the call against the risks taken by
Johnson in running the red light, he was of the opinion that Johnson was not operating in
good faith.
          Campbell's summary judgment evidence thus only raises fact issues on these
points: Johnson acted recklessly in running the red light and not using his emergency
lights and siren; he entered the intersection without using due caution as required by
sheriff's department policy and the Texas Transportation Code; and the domestic violence
call did not involve real family violence, only an argument between a girl and her boyfriend. 
These facts, however, even if true, are insufficient to raise a fact issue on the question of
whether Johnson acted in good faith in the way he responded to the call.
          We have already noted that an officer's good faith is not rebutted by evidence that
he violated the law or department policy in making his response. Campbell v. Jones, 264
S.W.2d 425; Williams v. Houston Firemen's Relief & Retirement Fund, 121 S.W.3d 415. 
Nor does recklessness in the performance of the officer's duty belie his good faith. 
Recklessness is negligence, and negligence is immaterial when determining if an officer
acted in good faith. City of Lancaster v. Chambers, 883 S.W.2d 650; Harless v. Niles, 100
S.W.3d 390 (Tex. App.—San Antonio 2002, no pet.). And an officer's good faith is judged
on the basis of what he perceived to be the facts at the time of his response rather than
on what later turned out to be the true facts. Harris County v. Ochoa, 881 S.W.2d 884.
          Johnson and Titus County provided summary judgment evidence that Johnson
acted in good faith when his response is measured by the standards set out in Chambers. 
To defeat an officer's claim of good faith on summary judgment, the plaintiff must raise a
genuine issue of fact as to what a reasonable officer could have believed under the
circumstances, and the facts must be substantiated with reference to each aspect of the
Chambers balancing test. Wadewitz v. Montgomery, 951 S.W.2d 464. Campbell's
summary judgment evidence did not meet that test, so the trial court should have granted
Johnson and Titus County's motion for summary judgment.
          Because Johnson is entitled to immunity, Titus County is also entitled to immunity. 
Tex. Civ. Prac. & Rem. Code Ann. § 101.021(1)(B) (Vernon 1997); DeWitt v. Harris County,
904 S.W.2d 650 (Tex. 1995).
 

          For the stated reasons, we reverse the trial court's judgment and here render
judgment that Campbell take nothing against Johnson and Titus County.
 

                                                                           William J. Cornelius*
                                                                           Justice

Date Submitted:      June 8, 2004
Date Decided:         August 11, 2004

*Chief Justice, Retired, Sitting by Assignment



iew. Indeed, Starnes' briefing of this issue contains no citations to the reporter's record
whatsoever. Nor are any such citations on this issue included in his statement of the case or
statement of the facts. Such failures would allow this Court to conclude that the issue has been
inadequately briefed and overrule it. However, in the interest of justice, we have searched for and
found the references and will address the issue. 

 Starnes sent Jerald Evans two suggestive e-mail communications indicating his interest in
both homosexual and heterosexual relations. 

 Although relevant, evidence of other crimes, wrongs, or acts is not admissible to prove the
character of a person in order to show action in conformity therewith. Tex. R. Evid. 404(b). 
Evidence of other crimes or acts may be admissible if the evidence has relevance apart from its
tendency to prove the character of a person in order to show action in conformity therewith. 
Montgomery v. State, 810 S.W.2d 372, 387 (Tex. Crim. App. 1990). It may be relevant to rebut a
defensive theory. Id. at 388. The State argues that the e-mails were admissible to rebut a defensive
theory of Starnes (that he was a falsely accused innocent victim). We do not believe that these
e-mails directly rebut such a defensive theory, but instead, their primary function was to prove
Starnes' character in order to show action in conformity therewith. Consequently, their admission
was error. 

 However, when judging the harmful nature of such error, we are governed by Rule 44.2 of
the Texas Rules of Appellate Procedure, which provides: "any other error, defect, irregularity, or
variance that does not affect substantial rights must be disregarded." In this case, the State presented
evidence from a nurse who had examined the children. Not only did D.E. substantiate, to the nurse,
the allegations that Starnes had sexually assaulted him, but the nurse also testified that on medical
examination she found evidence of scarring in the rectal area consistent with forced penetration. In
light of the entire record as a whole, we find these e-mail communications at most had a slight effect,
and did not have a substantial effect in the jury's determination in this case. 

 Starnes also argues that the e-mail communications were (1) inadmissible hearsay and
(2)  their prejudicial effect substantially outweighed their probative value. We have not addressed
these issues as we find the admission of the e-mail communications did not constitute harmful error. 
The point of error is overruled. 

IV. Conclusion

 For the reasons stated, we overrule each of Starnes' issues and affirm the trial court's
judgment.



 Jack Carter

 Justice


Date Submitted: January 24, 2007

Date Decided: April 26, 2007


Do Not Publish


1. Starnes does not argue the application of Rule 404(b) to this Court. 
2. Starnes was convicted of aggravated sexual assault of a child and indecency with a child in
trial court cause number 20924, appellate case number 06-06-00101-CR. F.E. is the named victim
in that case. Starnes' appeal of his conviction in that case is also pending before this Court and has
been addressed by way of a separate opinion issued this day.
3. Texas evidence rules allow impeachment by a prior inconsistent statement of the witness
if the witness is told of the contents of the statement, the time and place and the person to whom it
was made, and is afforded an opportunity to explain or deny the statement. If the witness
unequivocally admits having made the statement, extrinsic evidence of same shall not be admitted. 
Tex. R. Evid. 613.